[Criminal No. 224.    Filed March 27, 1908.]

[95 Pac. 85.]

S. J. TRIBOLET, Defendant and Appellant, v. UNITED STATES OF AMERICA, Respondent.

1. Monopolies—Combination and Restraint of Trade—Indictment. An indictment alleged that defendants did engage in a combination in form of trust, and entered a conspiracy in restraint of trade and commerce as follows: That defendant, T., and others were engaged in the wholesale and retail meat business in competition prior to August 1, 1906, and that thereafter, on August 23d, they being engaged in a combination in form of trust, and in a conspiracy in restraint of trade in furtherance thereof, entered into a contract and formed defendant corporation, to which they transferred the business of each of them, agreeing not to again engage in the meat business in the city of Phoenix; that all of the defendants, in furtherance of the combination and conspiracy, thereupon purchased the business of W. and caused it to

be transferred to the defendant corporation and caused W. to execute a contract in which he agreed not again to engage in the business; that the combination and conspiracy was formed to carry out restrictions in trade and commerce, and to increase the price and prevent competition in the sale of fresh meats in such city, etc. *Held*, that the indictment did not charge defendants with making a contract with W. which was in itself in restraint of trade and commerce, but that the contract was alleged only as one of the steps by which the "combination or conspiracy" was brought about, and as an overt act in furtherance thereof.

2. INDICTMENT—DUPLICITY—"COMBINATION" OR "CONSPIRACY."—Sherman Anti-Trust Law (Act July 2, 1890, c. 647, sec. 3, 26 Stat. 209 [U. S. Comp. Stats. 1901, p. 3201]) declares that every contract, combination in form of trust or otherwise, and conspiracy in restraint of trade or commerce in any territory of the United States, or in restraint of trade or commerce between any such territory and another, etc., are declared illegal, and that every person who shall make any such contract or engage in any such "combination or conspiracy" shall be deemed guilty of a misdemeanor. *Held*, that the indictment was not duplicitous as alleging two distinct offenses.

3. MONOPOLIES — STATUTES — SCOPE OF PROHIBITION.—Sherman Anti-Trust Law (Act July 2, 1890, c. 647, sec. 3, 26 Stat. 209 [U. S. Comp. Stats. 1901, p. 3201]), prohibiting combinations or conspiracies in restraint of trade or commerce in any territory of the United States, is not limited to combinations and conspiracies which operated in restraint of the trade of substantially an entire territory, but applied as well to a combination and conspiracy in' restraint of trade and commerce in a single city in a territory.

4. INDICTMENT—DEFECTS OF FORM—STATUTORY OFFENSES.—Where an indictment for combination or conspiracy in restraint of trade in violation of Sherman Anti-Trust Law (Act July 2, 1890, c. 647, sec. 3, 26 Stat. 209 [U. S. Comp. Stats. 1901, p. 3201]) was uncertain as to some of its allegations, owing to the fact that the offense was first charged in the language of the statute, and the purposes and objects of the conspiracy were not fully stated until after the overt acts were described, the defect was one of form, and not of substance, not prejudicial to defendant, and therefore immaterial under United States Revised Statutes, section 1025 (U. S. Comp. Stats. 1901, p. 720), providing that no indictment shall be quashed for a nonprejudicial defect of form.

5. MONOPOLIES—INDICTMENT—OBJECT.—The object of a combination or conspiracy in restraint of trade being unlawful both at common law and by statute, an indictment therefor was not objectionable for failure to allege the means by which the combination or conspiracy was to be accomplished.

6. SAME—COMBINATION IN RESTRAINT OF TRADE—CORPORATIONS—LIA-
BILITY OF OFFICERS.—Where defendant and H. entered into a com-
bination and conspiracy in restraint of trade to control the meat
business in Phoenix, Arizona, and for this purpose organized a cor-
poration, the fact that defendant acted merely as an officer and
stockholder in such corporation, and that the corporation was held
not guilty, did not prevent defendant's conviction for violating the
Sherman Anti-Trust Law (Act July 2, 1890, c. 647, sec. 3, 26 Stat.
209 [U. S. Comp. Stats. 1901, p. 3201]), prohibiting a combination
or conspiracy in restraint of trade.

APPEAL from a judgment of the District Court of the
Third Judicial District, in and for the County of Maricopa.
Edward Kent, Judge. Affirmed.

Thos. Armstrong, Jr., and G. P. Bullard, for Appellant.

The court erred in overruling the defendant's demurrer for
the reason that the indictment is fatally defective in that more
than one offense is stated therein, and that several offenses are
improperly joined in one count in the indictment. Separate
counts are required for separate offenses, though same joined
together in our statute. *United States* v. *Cadwallader*, 59 Fed.
677. The act of Congress not defining what constitutes a con-
tract, combination in form of trust or conspiracy in restraint
of trade and commerce, it is not sufficient to simply follow the
language of the act, and we must look to the specific acts or
particular facts alleged to have been done or committed by
the accused to ascertain the crime charged. *In re Greene*, 52
Fed. 104 (Ill.), and cases there cited. "If in a single count
of an indictment the charge should be that the defendants
entered into a contract, combination and conspiracy in re-
straint of trade or commerce among the several states, it
would be bad for duplicity." Citing the Cadwallader case
last cited. *Rice* v. *Standard Oil Co.*, 134 Fed. 464. So we
say that the indictment, if it charges anything, charges the
defendant with three separate and distinct crimes, all merged
into one count; and the defendant's demurrer to it for duplic-
ity should have been sustained. For an indictment held good
under this statute wherein the offenses are stated in separate
counts, see *United States* v. *MacAndrews & Forbes Co.*, 149
Fed. 823-836. Allegations such as conspiracy in restraint of
trade, combination and form of trust agreement to pool in-
terests and destroy competition, add no weight to the indict-
ment, but it must appear from the allegations of fact alone

that there was a contract in restraint of trade. *In re Greene,* 52 Fed. 104; *United States* v. *Nelson et al.,* 52 Fed. 646; *In re Corning et al.,* 51 Fed. 205; *Cilley* v. *United States Shoe Mach. Co.,* 152 Fed. 726. Allegations of what was done in pursuance of a conspiracy in restraint of trade are irrelevant, and of no avail either to enlarge or to take the place of necessary allegations as to the elements of the offense. *United States* v. *Patterson,* 55 Fed. 605 (reading pp. 634-638). The fact that a person buys out several competitors is not in restraint of trade. *In re Corning et al. United States* v. *Greenhut et al.,* 51 Fed. 205; *In re Greene,* 52 Fed. 104 (reading p. 116) ; *United States* v. *Joint Traffic Assn.,* 171 U. S. (reading pp. 567, 568), 19 Sup. Ct. 25, 43 L. Ed. 286. The allegation that Hurley and Tribolet joined together and consolidated their business in a corporation does not come within the act, unless the agreement to suppress competition is set forth. *In re Corning et al. United States* v. *Greenhut et al.,* 51 Fed. 205. A contract between vendor and vendee that the vendee will not compete in the same town does not come within the statute. *United States* v. *Trans-Mississippi Freight Assn.,* 166 U. S. (reading p. 329), 17 Sup. Ct. 540, 41 L. Ed. 1023 ; *United States* v. *Joint Traffic Assn.,* 171 U. S. (reading pp. 567, 568), 19 Sup. Ct. 25, 43 L. Ed. 286. The purchase of the business of Weiler and the contract made with him by these defendants was shown by uncontradicted testimony introduced by the prosecution itself to have covered a retirement for only a limited time, and that the business was not closed, but was continued by another butcher who leased Weiler's place, and hence there was no evidence of any restraint of trade within the meaning of this act. *United States* v. *Joint Traffic Assn.,* 171 U. S. 505 (567, 568), 19 Sup. Ct. 25, 43 L. Ed. 287; *Cincinnati Co.* v. *Bay,* 200 U. S. 179 (185), 26 Sup. Ct. 208, 50 L. Ed. 428, (433) ; *Davis* v. *A. Booth & Co.,* 131 Fed. 31, 65 C. C. A. 269.

J. L. B. Alexander, United States Attorney, and Geo. D. Christy, Assistant United States Attorney, for Appellee.

The indictment is good under section 3 of the Sherman Anti-Trust Law and also under section 828 of the Penal Code of Arizona, and does not state two separate and distinct offenses. See *Northern Securities Co.* v. *United States,* 193 U. S. 197, 24 Sup. Ct. 436, 48 L. Ed. 679; *Crain* v. *United States,* 162 U. S. 636, 16 Sup. Ct. 952, 40 L. Ed. 1097. See,

also (as section 828, Arizona Penal Code, is taken from and is copy of), section 954, California Penal Code; *People* v. *Frank,* 28 Cal. 513; *Ex parte McCarthy,* 72 Cal. 384, 14 Pac. 96; *People* v. *Harrold,* 84 Cal. 567, 24 Pac. 106; *People* v. *Gosset,* 93 Cal. 641, 29 Pac. 246. The only limitation, then, to the rule above stated being that the offenses enumerated by the statute shall not be repugnant either in themselves or in the punishment therefor. The argument of counsel and authorities cited by them in support thereof that the indictment in the case at bar is bad for duplicity because it charges the entering into a contract, combination and conspiracy in one count, has no foundation, for the indictment only charges the entering into a combination and conspiracy. The case of the *United States* v. *McAndrews & Forbes Co.,* 149 Fed. 823, cited by appellant in support of his further contention that the entering into a combination and conspiracy are two offenses and cannot be charged in one count, does not sustain him, but supports the indictment in this case, not only on that point but in many other respects, as does also the case of *United States* v. *Stone,* 8 Fed. 251. It is not necessary that the combination operate "in or throughout the territory of Arizona," as the word "in," as used in this connection in the Sherman Act, means and is synonymous with "of." See *Kean* v. *Rice,* 12 Serg. & R. (Pa.) 205; *Erie R. R. Co.* v. *Philadelphia,* 21 Wall. (U. S.) 497, 22 L. Ed. 595.

CAMPBELL, J.—P. T. Hurley, S. J. Tribolet, and the Phoenix Wholesale Meat and Produce Company, a corporation, were indicted for a violation of the provisions of section 3 of the act of Congress approved July 2, 1890, chapter 647, 26 Stat. 209 (U. S. Comp. Stats. 1901, p. 3201), commonly known as the "Sherman Anti-Trust Law," which reads: "Every contract, combination in form of trust or otherwise, or conspiracy, in restraint of trade or commerce in any territory of the United States or of the District of Columbia, or in restraint of trade or commerce between any such territory and another . . . is hereby declared illegal. Every person who shall make any such contract or engage in any such combination or conspiracy shall be deemed guilty of a misdemeanor. . . . " Upon the trial Hurley testified on behalf of the United States and was given immunity, the indictment against him, upon motion of the government, being dismissed. In submitting the case to the jury the trial court directed that

a verdict of not guilty be returned in favor of the Phoenix Wholesale Meat and Produce Company, a corporation, on the ground that there was no testimony warranting its conviction. The jury found the defendant, S. J. Tribolet, guilty, and from the judgment entered upon the verdict, and from the refusal of the court to grant a new trial, he brings this appeal.

The indictment charges that the defendants, "on or about the first day of September, A. D. 1906, and within the said third judicial district of the territory of Arizona, and within the county of Maricopa in said territory of Arizona, did then and there unlawfully, willfully, and knowingly engage in a combination in form of trust and into a conspiracy each with the other in restraint of trade and commerce in the city of Phoenix, in the county of Maricopa, and within said third judicial district of the territory of Arizona, in the manner following: That on and prior to the first day of August, 1906, P. T. Hurley and J. C. Hurley, under the firm name of P. T. Hurley, S. J. Tribolet, A. Weiler, and the Co-operative Meat Company, were engaged in the business of slaughtering beef cattle, sheep, goats, and swine, and selling at retail and whole-sale the fresh meats thereof in said city of Phoenix, and were each of them then and there engaged in said business in open and free competition with the others; that thereafter, to wit, on or about the twenty-third day of August, 1906, the said P. T. Hurley and J. C. Hurley, under the firm name of P. T. Hurley, and the said S. J. Tribolet, being then and there engaged in a combination in form of trust and in a conspiracy in restraint of trade and commerce, and in furtherance of said combination and said conspiracy in restraint of trade, and commerce." Then follow allegations that the defendants Hurley and Tribolet obtained control and possession of the Co-operative Meat Company and discontinued its business; that they, in further pursuance of the combination and conspiracy, organized the defendant corporation and transferred to it the business theretofore conducted by each of them, receiving in exchange the capital stock of the corporation, and that they became the directors and officers of the corporation, and as such conducted its affairs; that all of the defendants, in furtherance of the combination and conspiracy, thereupon purchased the business of Weiler, and caused it to be transferred to the corporation, and caused Weiler to execute a contract with the corporation whereby he agreed not to again engage in the business of slaughtering fresh meats in the city

of Phoenix. The combination and conspiracy is then described as having been "formed for the purpose of carrying out restrictions in trade and commerce in, increasing the price and preventing competition in the sale of certain commodities intended for sale and consumption in, the city of Phoenix, in the county of Maricopa, territory of Arizona, to wit, fresh beef, fresh mutton, fresh goat, and fresh pork, and for the purpose of unlawfully fixing and maintaining uniform and graduated figures for the sale of said fresh meats in said city of Phoenix that the price thereof might be increased''; and then it is alleged that in further pursuance of said combination prices of meats were arbitrarily increased twenty per cent to purchasers by wholesale and forty per cent to purchasers by retail. A demurrer was interposed and overruled, and the ruling of the court in that respect is assigned as error.

It is claimed that, if any offense is pleaded, the indictment is bad for duplicity, for that three separate and distinct offenses are alleged in the single count of the indictment, namely: (1) The making of a contract in restraint of trade and commerce; (2) a combination in form of trust in restraint of trade and commerce; (3) a conspiracy in restraint of trade and commerce, and that the statute denounces each of them as a separate and distinct offense. As we view the indictment, it does not charge the defendants with the making of a contract which in itself was in restraint of trade and commerce. It would be difficult, if not impossible, to effect a combination or conspiracy without a contract or agreement. We construe the indictment as alleging the contract to have been made as one of the steps by which the combination was brought about, and as an overt act in furtherance of the conspiracy. The indictment does, however, directly charge a combination and conspiracy. It appears to be appellant's contention that Congress means to punish as conspirators those who engage to do those things which are unlawfully in restraint of trade or commerce, though in fact no restraint is accomplished, and also to denounce a combination which actually results in restraint of trade or commerce and punish those who engage in it. The meaning of these terms as used in this section, which are precisely those used in the first section of the act, which relates to interstate commerce, have been commented upon by different courts, but the difference between a combination and a conspiracy in restraint of trade, if any exists, has not authoritatively been pointed out. By

some the words as used here seem to be regarded as synonymous. Mr. Justice Holmes, in his dissenting opinion in *Northern Securities Co.* v. *United States*, 193 U. S. 197, in discussing the act, says, at page 403, 24 Sup. Ct. 436, at page 469, 48 L. Ed. 679: "The words hit two classes of cases, and only two—contracts in restraint of trade, and combinations or conspiracies in restraint of trade." The bill of the government in that case refers throughout to the acts of the defendants as constituting an "unlawful combination or conspiracy." The majority opinion also frequently refers to the defendants as having engaged in a "combination or conspiracy," and quotes with approval from the case of *Morris Run Coal Co.* v. *Barclay Coal Co.*, 68 Pa. 173, 8 Am. Rep. 159, in which the supreme court of Pennsylvania says, in referring to a combination in violation of a state statute: "In all such combinations where the purpose is injurious and unlawful the gist of the offense is the conspiracy." In *Rice* v. *Standard Oil Co.* (C. C.), 134 Fed. 464, Judge Lanning quotes the words of Mr. Justice Holmes, and says: "In one count there may be a charge of an unlawful contract, and in another a charge of an unlawful combination or conspiracy; but the two unlawful things cannot be declared upon as synonymous terms, and charged in a single count." See, also, *Chicago W. & V. Coal Co.* v. *People*, 214 Ill. 444, 73 N. E. 770. But whether the words have the same meaning, or whether they describe two offenses, they both have reference to the same object sought to be accomplished by the statute, to wit, the prevention of restraint of trade and commerce. In *Crain* v. *United States*, 162 U. S. 625, 16 Sup. Ct. 952, 40 L. Ed. 1097, the indictment was drawn to charge an offense under section 5421, Revised Statutes (U. S. Comp. Stats. 1901, p. 3667), and alleged the doing of several different acts, and the causing to be done of the same acts, all of which acts and the causing to be done of such acts were prohibited by the statute. In discussing the indictment the supreme court says: "Undoubtedly the section of the Revised Statutes under which the indictment was framed embraces several distinct acts, the doing of either of which is punishable. . . . The second count charged in substance, not only that the defendant did things and each of them, the doing of which or either of which the statute prohibited, but also that he caused the doing of such things and each of them. Was the count, thus drawn, so defective as to require that judgment upon it be arrested? . . . We are

of opinion that the objection to the second count upon the
ground of duplicity was properly overruled.. The evil that
Congress intended to reach was the obtaining of money from
the United States by means of fraudulent deeds, powers of
attorney, orders, certificates, receipts, or other writings.   The
statute was directed against certain defined modes for accom-
plishing a general object, and declared that the doing of
either one of several specified things, each having reference
to that object, should be punished by imprisonment at hard
labor for a period of not less than five years nor more than
ten years, or by imprisonment for not more than five years,
and a fine of not more than $1,000.   We perceive no sound
reason why the doing of the prohibited thing in each and all
of the prohibited modes may not be charged in one count so
that there may be a verdict of guilty upon proof that the ac-
cused had done any one of the things constituting a substan-
tive crime under the statute.   And this is a view altogether
favorable to an accused who pleads not guilty to the charge
contained in a single count; for a judgment on a general ver-
dict of guilty upon that count will be a bar to any further
prosecution in respect of any of the matters embraced by it.''
In enacting the statute under consideration the general pur-
pose of Congress was to prevent restraint of trade and com-
merce.   It is directed against certain defined modes of accom-
plishing that general object, and declares that the engaging
in either of those modes, each having reference to that object,
shall be punished.   We think this indictment comes squarely
within the rule as above announced by the supreme court, and
that this objection to it is not well taken.

It is next urged by the appellant that the indictment does
not charge any violation of the law, for the reason that it
charges an engaging in a combination and conspiracy in re-
straint of trade and commerce in the city of Phoenix, and not
in or throughout the territory; that the act prohibits only
those combinations and conspiracies which affect substantially
the trade or commerce of the entire territory, and not those in
restraint of the trade or commerce of a particular community.
We think the construction contended for entirely too narrow.
It might as justly be claimed that the language of the first
section making illegal such combinations or conspiracies ''in
restraint of trade among the several states or with foreign
nations'' applies only to those combinations which directly

affect trade and commerce among all the states, or with all the foreign nations.

Appellant further contends that the indictment is insufficient, for the reason that it is not direct and certain, and charges a combination or conspiracy only in the language of the statute without stating the objects, purposes, and ends to be achieved. We think the indictment open to criticism as to not being direct and certain as to some of its allegations. The confusion arises from the pleader first charging the offense in the language of the statute, and not fully stating its purposes and objects until after the overt acts are described. The defect, however, is one of form rather than one of substance, and does not tend to the prejudice of the defendant. Therefore the indictment is not invalid. Rev. Stats., sec. 1025 (U. S. Comp. Stats. 1901, p. 710).

It is further claimed that the indictment should allege the means by which the combination or conspiracy was to be accomplished; but this we regard as unnecessary, since the object to be attained by the combination or conspiracy in itself is unlawful both at common law and by statute. See authorities collected in 8 Cyc. 667.

The refusal of the court to direct a verdict of not guilty as to appellant is assigned as error. His argument in support of this assignment, if we apprehend it correctly, is not that the evidence does not disclose that he engaged in the combination and conspiracy with the defendant Hurley, but since his acts centered in and about the corporation, and he simply acted as its officer and stockholder, he could not be guilty and the corporation innocent. The corporation was the instrument by and through which the combination of those who promoted it became effective, and, had there been a verdict of guilty against it, we should have been disposed to hold it supported by the evidence, for the same reasons given by the supreme court for holding that "the securities company made itself a party to a combination in restraint of interstate commerce that antedated its organization, as soon as it came into existence, doing so, of course, under the direction of the very individuals who promoted it." *Northern Securities Co.* v. *United States, supra.*

There was sufficient evidence to warrant the jury in arriving at the verdict which they returned, and we will not disturb it, even though the trial court may have erred in directing a verdict of not guilty as to the defendant corporation.

The refusal of the court to give two certain instructions requested by appellant is assigned as error. The legal proposition involved in one is disposed of by what we have heretofore said, and the other was given in substance in the general charge of the court.

No error appearing, the judgment of the district court is affirmed.

SLOAN, DOAN, and NAVE, JJ., concur.